UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DWIGHT R. DeLEE

                         Plaintiff,

             v.

CITY OF SYRACUSE,

                         Defendant.
_____

5:20-CV-0549
(GTS/ATB)

APPEARANCES:

DWIGHT R. DeLEE
    Plaintiff, *Pro Se*
711 North McBride Street, Floor 2
Syracuse, New York 13203

GLENN T. SUDDABY, Chief United States District Judge

## <u>DECISION and ORDER</u>

Currently before the Court, in this *pro se* civil rights action filed by Dwight R. DeLee ("Plaintiff") against the City of Syracuse ("Defendant") pursuant to 42 U.S.C. § 1983, are Chief United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiffs' Amended Complaint (Dkt. No. 10) be dismissed in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's motion for the appointment of counsel.   (Dkt. Nos. 11-12.)   Plaintiff has not filed an objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Baxter's thorough Report-Recommendation, the Court can find no clear-error in the

Report-Recommendation.[1]   Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Plaintiff's Amended Complaint (Dkt. No. 10) is dismissed in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, Plaintiff's motion for the appointment of counsel (which was filed after the expiration of the deadline by which to file an Objection to the Report-Recommendation) is denied as moot. In the alternative, that motion is denied as unsupported by a showing of cause in that (1) it is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector,[2] and (2) in any event, it has not reasonably suggested that the assignment or counsel would be more likely to lead to a just determination of this litigation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 11) is **<u>ACCEPTED</u>** and **<u>ADOPTED</u>** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 10) is **<u>DISMISSED</u>** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. No. 12) is

---

[1]   When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2]   *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989).

**<u>DENIED</u>**.

Dated: October 5, 2020
      Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge